UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| AUSTIN ECKES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 2:18-cv-00246-WTL-DLP |
| ) | |
| SAMUEL BYRD, ) | |
| ) | |
| Defendant. ) | |

**ORDER DENYING MOTIONS FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION AND DENYING MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT**

**I. Motion for Temporary Restraining Order and Preliminary Injunction (Dkt. No. 33)**

Presently pending before the Court is plaintiff Austin Eckes' motion for preliminary injunction. Dkt. No. 33. In his motion, Mr. Eckes asserts that he has been denied access to his medical records and requests that the Court order the defendant to provide him records from September 8, 2017 to the present. *Id.* In his memorandum in support of his motion for preliminary injunction, Mr. Eckes instead asserts that he has been denied regular out-of-cell exercise or any other recreational opportunities, and asks that the Court order the defendant to provide him with at least one full hour of out-of-cell exercise per day and other recreational opportunities. Dkt. No. 34.

"A preliminary injunction is an extraordinary remedy never awarded as of right. In each case, courts must balance the competing claims of injury and must consider the effect on each party of the granting or withholding of the requested relief." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). "To obtain a preliminary injunction, a party must establish [1] that it is likely to succeed on the merits, [2] that it is likely to suffer irreparable harm in the absence of

preliminary relief, [3] that the balance of equities tips in its favor, and [4] that issuing an injunction is in the public interest." *Grace Schools v. Burwell*, 801 F.3d 788, 795 (7th Cir. 2015); *see Winter*, 555 U.S. at 20. "The court weighs the balance of potential harms on a 'sliding scale' against the movant's likelihood of success: the more likely he is to win, the less the balance of harms must weigh in his favor; the less likely he is to win, the more it must weigh in his favor." *Turnell v. CentiMark Corp.*, 796 F.3d 656, 662 (7th Cir. 2015). "The sliding scale approach is not mathematical in nature, rather it is more properly characterized as subjective and intuitive, one which permits district courts to weigh the competing considerations and mold appropriate relief." *Stuller, Inc. v. Steak N Shake Enterprises, Inc.*, 695 F.3d 676, 678 (7th Cir. 2012) (citation and internal quotation marks omitted). "Stated another way, the district court 'sit[s] as would a chancellor in equity' and weighs all the factors, 'seeking at all times to minimize the costs of being mistaken.'" *Id.* (quoting *Abbott Labs. v. Mead Johnson & Co.*, 971 F.2d 6, 12 (7th Cir. 1992)).

To the extent Mr. Eckes' motion for preliminary injunction is directed to his request for medical records, the defendant has indicted that:

> he is in the process of obtaining copies of relevant medical records. It is expected that the records will be produced to the Plaintiff as part of the Defendant's initial disclosures and service of relevant documents pursuant to the Court's standard scheduling order. As such, the Defendant expects these medical records will be provided to the Plaintiff as part of normal discovery.

Dkt. No. 42 at 3. Mr. Eckes has not filed a reply to the defendant's response or asserted that he failed to receive the necessary documents. Accordingly, because Mr. Eckes fails to show he is likely to suffer irreparable harm in the absence of preliminary relief, Mr. Eckes' request for medical records is **denied**.

To the extent Mr. Eckes' motion for preliminary injunction is directed to his request for out-of-cell recreation time, injunctions may only be entered against litigants. *See Maddox v. Wexford Health Sources, Inc.*, 528 Fed. Appx. 669, 672 (7th Cir. 2013) (citing *Lake Shore Asset Mgmt., Ltd. v. Commodity Futures Trading Comm'n*, 511 F.3d 762, 767 (7th Cir. 2007)). The defendant asserts that

he "is a physician at the facility and provides medical care" and "does not have the authority to order that a patient be provided additional time outside of his cell. These decisions are made by IDOC administration and security staff." Dkt. No. 42 at 3. Because Dr. Talbot is the only defendant in this action, and because additional recreation time is unrelated to Mr. Eckes' claims and beyond Dr. Talbot's authority to order, Mr. Eckes cannot obtain the preliminary relief he seeks in this action. *See Little v. Jones*, 607 F.3d 1245, 1251 (10th Cir. 2010) (A court may grant a motion for injunctive relief only if there is a relationship between the injury claimed in the motion and the conduct alleged in the complaint.); *Ball v. Famiglio*, 396 Fed. Appx. 836, 837 (3d Cir. 2010) (per curiam) (same).

Accordingly, Mr. Eckes' motion for preliminary injunction, Dkt. No. 33, is **denied**.

## II. Motion for Temporary Restraining Order and Preliminary Injunction (Dkt. No. 43)

Mr. Eckes filed a second motion for temporary restraining order and preliminary injunction requesting a special medical diet that does not include "spicy, fatty, acidic food." Dkt. No. 43; Dkt. No. 44 at 1. He alleges he is in danger of needing a liver transplant without this diet. Dkt. No. 44 at 2; *see also* Dkt. No. 45.

"[T]here must be a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint." *Ball*, 396 Fed. at 837. Thus, "a court may not grant an injunction when the issues raised in the motion are entirely different from those raised in the complaint." *Jones v. Taylor*, No. 3:12cv487, 2013 WL 1899852, at *2 (M.D.Pa. May 7, 2013) (citing *De Beers Consol. Mines v. United States*, 325 U.S. 212, 220–23 (1945)); *see also Kaimowitz v. Orlando, Fla.*, 122 F.3d 41, 43 (11th Cir.1997) ("A district court should not issue an injunction when the injunction in question is not of the same character, and deals with a matter lying wholly outside the issues in the suit.") (citing *De Beers*, 325 U.S. at 220).

Mr. Eckes' complaint here relates to his Eighth Amendment claim that Dr. Byrd's prescribing of pain medications for Mr. Eckes' fractured finger caused stomach ulcers. *See* Dkt.

3

No. 5 at 4. Because the complaint does not seek relief for Mr. Eckes in the form of a special medical diet or a liver transplant, there is no scenario whereby the Court, in entering judgment following a resolution of the merits of Mr. Eckes' complaint, would include in that judgment a provision requiring the defendant, and most certainly not some person or entity that is not a party to this action, to provide the relief requested in his motion. Consequently, this Court may not grant Mr. Eckes the injunctive relief he seeks here.

Therefore, Mr. Eckes' motion for a temporary restraining order and preliminary injunction, Dkt. No. 43, is **denied**.

### III. Motion for Leave to File An Amended Complaint

Mr. Eckes filed an amended complaint, Dkt. No. 53, on August 17, 2018, twenty-three days after the filing of the defendants' answer. Accordingly, Mr. Eckes' amended complaint is not timely under Fed. R. Civ. P. 15(a)(1). Rather, the Court will construe Mr. Eckes' amended complaint to be a motion for leave to file an amended complaint pursuant to Fed. R. Civ. P. 15(a)(2). The clerk is **directed to update** the docket to reflect that Dkt. No. 53 is a "motion for leave to file an amended complaint."

Mr. Eckes' proposed amended complaint alleges that Dr. Byrd continues to be deliberately indifferent to Mr. Eckes' medical care when, on August 14, 2018, Dr. Byrd failed to provide treatment for Mr. Eckes' abnormal heart beat. Mr. Eckes appears to be attempting to amend his complaint to add a claim that Dr. Byrd is deliberately indifferent to Mr. Eckes' heart condition. Mr. Eckes' motion for leave to file an amended complaint, Dkt. No. 53, is **denied as presented** because it fails to comply with Local Rule 15-1. This rule requires a motion to amend to include all claims in a single proposed amended pleading, but Mr. Eckes' proposed amended complaint

4

fails to include his original claims against Dr. Byrd. "Amendments to a pleading must reproduce the entire pleading as amended." Local Rule 15-1.

For Mr. Eckes' information, to the extent he wishes to bring an unrelated claim related to events occurring after the filing of an action, he should first exhaust his available administrative remedies before filing a new complaint related to his unrelated and new claims.

### IV. Letter Regarding Case

Mr. Eckes has submitted a letter requesting a "change of name" document. Dkt. No. 55. The Court construes his request to be for a blank form "change of name" document. Mr. Eckes should seek such a document, if available, from his local state court.

### V. Summary of Actions Taken

Mr. Eckes' motion for preliminary injunction, Dkt. No. 33, is **denied**. Mr. Eckes' motion for temporary restraining order and preliminary injunction, Dkt. No. 43, is **denied**.

The clerk is **directed to update** the docket to reflect that Dkt. No. 53 is a "motion for leave to file an amended complaint." Mr. Eckes' motion for leave to file an amended complaint, Dkt. No. 53, is **denied as presented** because it fails to comply with Local Rule 15-1.

**IT IS SO ORDERED.**

Date: 8/22/18

_William T. Lawrence_
Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

AUSTIN ECKES
228699
WABASH VALLEY - CF
WABASH VALLEY CORRECTIONAL FACILITY - Inmate Mail/Parcels
Electronic Service Participant – Court Only

Douglass R. Bitner
KATZ KORIN CUNNINGHAM, P.C.
dbitner@kkclegal.com

5