UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| AUSTIN ECKES, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 2:18-cv-00246-WTL-DLP |
| SAMUEL BYRD, | ) ) ) | |
| Defendant. | ) | |

**Order Granting Motion for Summary Judgment and
Directing Entry of Final Judgment**

Plaintiff Austin Eckes, an inmate at the Wabash Valley Correctional Facility (WVCF), brings this action pursuant to 42 U.S.C. § 1983. Mr. Eckes alleges that defendant Dr. Samuel Byrd violated his Eighth Amendment rights when Dr. Byrd prescribed an excessive amount of medications and pain relievers for his fractured fingers that caused gastric ulcers and resulted in Mr. Eckes' hospitalization at Terre Haute Regional Hospital for several days.

The defendant moves for summary judgment on Mr. Eckes' claims arguing that he failed to exhaust his administrative remedies as required by the Prison Litigation Reform Act (PLRA) before filing this lawsuit. For the following reasons, the motion for summary judgment, Dkt. No. 57, is **granted**.

### I.     Standard of Review

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). The party seeking summary judgment "bears the initial responsibility of informing the district court of the basis for its motion, and identifying" designated evidence which

"demonstrate[s] the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

Once the moving party has met its burden, the non-movant may not rest upon mere allegations. Instead, "[t]o successfully oppose a motion for summary judgment, the nonmoving party must come forward with specific facts demonstrating that there is a genuine issue for trial." *Trask–Morton v. Motel 6 Operating L.P.*, 534 F.3d 672, 677 (7th Cir. 2008). "The non-movant will successfully oppose summary judgment only when it presents definite, competent evidence to rebut the motion." *Vukadinovich v. Bd. of Sch. Trs.*, 278 F.3d 693, 699 (7th Cir. 2002) (internal quotation and citation omitted).

A "material fact" is one that "might affect the outcome of the suit." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute is genuine only if a reasonable jury could find for the non-moving party. *Id.* If no reasonable jury could find for the non-moving party, then there is no "genuine" dispute. *Scott v. Harris*, 550 U.S. 372, 380 (2007). The court views the facts in the light most favorable to the non-moving party, and all reasonable inferences are drawn in the non-movant's favor. *Ault v. Speicher*, 634 F.3d 942, 945 (7th Cir. 2011).

"The applicable substantive law will dictate which facts are material." *National Soffit & Escutcheons, Inc., v. Superior Systems, Inc.*, 98 F.3d 262, 265 (7th Cir. 1996) (citing *Anderson*, 477 U.S. at 248). The substantive law applicable to this motion for summary judgment is the PLRA, which requires that "[n]o action shall be brought with respect to prison conditions under section 1983 . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e; *see Porter v. Nussle*, 534 U.S. 516, 524-25 (2002). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other

wrong." *Porter*, 534 U.S. at 532 (citation omitted). The requirement to exhaust provides "that no one is entitled to judicial relief for a supposed or threatened injury until the prescribed administrative remedy has been exhausted." *Woodford v. Ngo*, 548 U.S. 81, 88-89 (2006) (citation omitted).

"Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Id.* at 90-91; *see also Dale v. Lappin*, 376 F.3d 652, 655 (7th Cir. 2004) ("In order to properly exhaust, a prisoner must submit inmate complaints and appeals 'in the place, and at the time, the prison's administrative rules require.'") (quoting *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002)). "In order to exhaust administrative remedies, a prisoner must take all steps prescribed by the prison's grievance system." *Ford v. Johnson*, 362 F.3d 395, 397 (7th Cir. 2004).

It is the defendants' burden to establish that the administrative process was available to Mr. Eckes. *See Thomas v. Reese*, 787 F.3d 845, 847 (7th Cir. 2015) ("Because exhaustion is an affirmative defense, the defendants must establish that an administrative remedy was available and that [the plaintiff] failed to pursue it."). "[T]he ordinary meaning of the word 'available' is 'capable of use for the accomplishment of a purpose,' and that which 'is accessible or may be obtained.'" *Ross v. Blake*, 136 S. Ct. 1850, 1858 (2016) (internal quotation omitted). "[A]n inmate is required to exhaust those, but only those, grievance procedures that are capable of use to obtain some relief for the action complained of." *Id.* at 1859 (internal quotation omitted).

"This circuit has taken a strict approach to exhaustion." *Wilborn v. Ealey*, 881 F.3d 998, 1004 (7th Cir. 2018). "An inmate must comply with the administrative grievance process that the State establishes, at least as long as it is actually available to the inmate." *Id.*

3

## II.     Statement of Facts

The following statement of facts was evaluated pursuant to the standard set forth above. That is, this statement of facts is not necessarily objectively true, but as the summary judgment standard requires, the undisputed facts and the disputed evidence are presented in the light reasonably most favorable to Mr. Eckes as the non-moving party with respect to the motion for summary judgment. *See Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133, 150 (2000).

### A.     WVCF Grievance Process

Mr. Eckes is an inmate at WVCF and has been at all times relevant to his claims in this case. The Indiana Department of Correction (IDOC) has an Offender Grievance Process – IDOC Policy and Administrative Procedure 00-02-301, Offender Grievance Process – which is intended to permit inmates to resolve concerns and complaints relating to their conditions of confinement prior to filing suit in court. All inmates at WVCF are made aware of the offender grievance process during orientation and a copy of the grievance process is available in the law libraries.

Pursuant to the Grievance Process, an inmate must first attempt to informally resolve his complaint. Within five working days of the date of the incident, the inmate shall contact the staff member to resolve the problem. If the staff member contacted cannot resolve the problem within ten working days, they shall advise the inmate that he may file a formal written grievance.

The formal grievance process consists of three steps. If the informal grievance process is unsuccessful, the offender must file a Level 1 grievance to the Executive Assistant of Grievance / Grievance Specialist within twenty days from the date of the incident. Once a Level 1 grievance is responded to by the Grievance Specialist and the problem has not yet been resolved to the satisfaction of the offender, the inmate must appeal the facility's decision by submitting a Level 1 Grievance Appeal to the Warden. Finally, once the Warden gives his response to the Level 1

Grievance Appeal, the inmate may then decide if the finding was sufficient. If the finding was insufficient, he may then file a Level 2 Offender Grievance Appeal to the Department Offender Grievance Manager.

Successful exhaustion of the grievance procedure by an offender includes timely pursuing each step or level of the informal and formal process. An offender must also use the proper grievance forms in order to exhaust successfully and must file timely each grievance within the timeframe outlined by the administrative procedures of the IDOC.

The records maintained by IDOC and WVCF document whether an offender attempted an informal grievance and filed a formal grievance or grievance appeal.

The IDOC's grievance records reflect that Mr. Eckes filed five formal grievances in 2018, but none of those grievances were related to his medical care at WVCF. Moreover, Mr. Eckes has never filed any appeals as to those grievances.

**B.     Mr. Eckes' Hospitalization and Grievances Related to the Hospitalization**

Mr. Eckes was hospitalized at Terre Haute Regional Hospital for gastric ulcers from March 4 through March 8, 2018. On his return to WVCF, he was placed on suicide watch until March 13, 2018. He was then placed on "closed opps" until March 14. He returned to the general population on March 15, 2018.

On May 8, 2018, Mr. Eckes filed an Informal Grievance, in the form of a Request for Interview, alleging that Dr. Byrd improperly prescribed him excessive medication causing his hospitalization. Dkt. No. 59-3 at 10; Dkt. No. 61-1 at 50. The Informal Grievance was marked as received on May 15, 2018, and responded to by Regina Robinson on May 17, 2018. On May 17, 2018, Mr. Eckes filed an Offender Grievance related to Dr. Byrd's improper prescription, but his Offender Grievance was returned as untimely. Dkt. No. 59-3 at 4, 8-10; Dkt. No. 61-1 at 48-51.

Mr. Eckes did not file any other Grievances related to the March 2018 incident or file an appeal of his Formal Offender Grievance.

### III. Discussion

The defendant Dr. Byrd argues that Mr. Eckes failed to exhaust his available administrative remedies as required by the PLRA with respect to his claims against him. Mr. Eckes argues that his grievance was not untimely because he was unable to file his grievance at an earlier date, identifying the time he was hospitalized and on suicide watch.

The uncontested facts demonstrate that the defendant has met his burden of proving that Mr. Eckes "had available [administrative] remedies that he did not utilize." *Dale v. Lappin*, 376 F.3d 652, 656 (7th Cir. 2004). Mr. Eckes previously availed himself of the administrative remedy process, and does not allege that he was not informed of the process or prevented from filing grievances.

Mr. Eckes' claim relates to his hospitalization on March 4, 2018. However, Mr. Eckes failed to file an informal grievance until May 8, 2018, and did not file his formal grievance until May 17, 2018. His formal grievance was rejected as untimely. Mr. Eckes argues that his May 17, 2018, formal grievance is timely, but acknowledges he was "12 days late to meet the grievance policy." Dkt. No. 61 at 3. Mr. Eckes identifies an 11-day period during which he was hospitalized, on suicide watch, and on close ops, and thus unable to file a grievance. However, Mr. Eckes fails to explain why, after he returned to the general population on March 15, 2018, he waited almost two months to file an informal grievance on May 8, 2018. In short, Mr. Eckes' grievances relating to Dr. Byrd's excessive prescriptions are untimely.

The defendant has therefore met his burden of showing that Mr. Eckes failed to exhaust his administrative remedies before filing this lawsuit as to his claim in this action. The consequence

of these circumstances, in light of 42 U.S.C. § 1997e(a), is that the action should not have been brought and must now be **dismissed without prejudice**. *Ford v. Johnson*, 362 F.3d 395, 401 (7th Cir. 2004) (holding that "all dismissals under § 1997e(a) should be without prejudice.").

For the foregoing reasons, the motion for summary judgment, Dkt. No. 57, is **granted.** Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 9/24/18

*William T Lawrence*

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

AUSTIN ECKES
228699
WABASH VALLEY - CF
WABASH VALLEY CORRECTIONAL FACILITY - Inmate Mail/Parcels
Electronic Service Participant – Court Only

Douglass R. Bitner
KATZ KORIN CUNNINGHAM, P.C.
dbitner@kkclegal.com